UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK ORAVETZ,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA,<br><br>               Defendant. | Case No. 2:25-cv-00131-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

      Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all non-prisoner pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. § 1915. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

Plaintiff Mark Oravetz has filed an amended motion to proceed in forma pauperis in this case. Dkt. 9. He clarifies that he does not have possession of his 70 bars of gold. However, he has not addressed his prior assertion that he has $8,800 in cash or savings. *See* Dkt. 1. The Court again determines that Plaintiff does not qualify for in forma pauperis status..

The following problems prevent Plaintiff from proceeding in federal court. First, Plaintiff is notified that his Complaint fails to state a claim upon which relief can be granted. Plaintiff states legal grounds, but no factual grounds for any of his claims. He has not stated the "who, what, when, where, how, and why" for any claim that the state of California violated his civil rights.

Second, the State of California generally is protected from suit in federal court because the Eleventh Amendment provides "sovereign immunity" to states. A state cannot be sued in federal court except in two instances (1) where the state has expressly waived its sovereign immunity, *see Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); or (2) where Congress acted under a valid grant of constitutional authority and specifically intended to abrogate state sovereign immunity. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000).

The State of California has not waived sovereign immunity for § 1983 suits in federal court, and Congress has not abrogated state sovereign immunity for such suits. The Eleventh Amendment's jurisdictional bar applies to states "regardless of the nature

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). If Plaintiff is bringing his claims under a federal question provision of law other than § 1983, he has not shown that his claims against the State meet these requirements.

In addition to jurisdiction, venue must also be proper. Legal actions may be brought only in "(1) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (2) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. S 1391(b). No facts support a conclusion that venue in Idaho is appropriate.

A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000). A pro se pleading may be dismissed without notice of the deficiencies and an opportunity to amend if a complaint "cannot be saved" by amendment. *Id.* at 1129. Here, sovereign immunity prevents Plaintiff from bringing his suit in federal court, and amendment would not save his case.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

## ORDER

Accordingly, for all of the foregoing reasons, **IT IS ORDERED:**

1. Plaintiff's Amended in Forma Pauperis Application (Dkt. 9) is DENIED.

2. Plaintiff's Complaint is DISMISSED without prejudice to bringing his action in the California state court system.

3. Plaintiff's Motion for E-File Access (Dkt. 5) is DENIED, but, because Plaintiff elsewhere states he does not have a home address, the Clerk of Court shall email Plaintiff's copy of this Order and Judgment to him at oravetzmark1963@gmail.com.

DATED: June 27, 2025

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**